UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSES DALE HAYNES BRAXTON,

    Plaintiff,

v.                                        CASE NO. 3:25-cv-309-TJC-SJH

SUPER EGO HOLDING, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff's (i) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"), Doc. 2; and (ii) motion for process service ("Motion"), Doc. 3. For the reasons that follow, the Application will be **taken under advisement**, the Motion will be **denied without prejudice**, and Plaintiff will be **directed** to file an amended complaint.

Under the *in forma pauperis* statute, a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. *See* 28 U.S.C. § 1915. Even assuming Plaintiff meets the financial criteria to proceed *in forma pauperis*, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B).[1] The Court must also *sua sponte* dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015);[2] *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

At the outset, Plaintiff's complaint ("Complaint"), Doc. 1, is insufficient and must be amended or otherwise corrected because it is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by … a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.").

---

[1] In considering whether dismissal for failure to state a claim is warranted under § 1915(e)(2)(B)(ii), the same standards governing dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

Next, considering subject matter jurisdiction, "[f]ederal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction." *Jones v. Waters*, No. 3:24-cv-45-MMH-LLL, 2024 WL 474116, at *1 (M.D. Fla. Feb. 7, 2024). Here, Plaintiff's Complaint purports to allege claims for fraud (Count I), breach of contract (Count II), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count III); Violation of the Uniform Commercial Code ("UCC") (Count IV); and Whistleblower Retaliation under the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105 (Count V). Doc. 1. Plaintiff purports to invoke federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* at 2.

With respect to federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff alleges claims for fraud, breach of contract, violation of FDUTPA, violation of the UCC, and retaliation under STAA. *Id.* at 5-7. First, the state-law claims for fraud, breach of contract, and violation of FDUTPA do not confer federal question jurisdiction. *See, e.g.*, *Laurent v. U.S. Tr.*, 196 F. App'x 740, 743 (11th Cir. 2006). Moreover, "'[t]he UCC is not a federal statute'" and "'does not provide a basis for federal-question jurisdiction.'" *See Joseph v. Santander Consumer USA Inc.*, No. 6:24-cv-1052-JSS-LHP, 2025 WL 885073, at *3 (M.D. Fla. Jan. 17, 2025), *report and recommendation adopted*, 2025 WL 948356 (M.D. Fla. Mar. 28, 2025) (citations omitted); *see also Banks v. Wells Fargo Bank, NA*, No. 1:16-cv-1617-RWS-JFK, 2016 WL

9453342, at *12 (N.D. Ga. Oct. 28, 2016), *report and recommendation adopted*, 2016 WL 9455428 (N.D. Ga. Nov. 22, 2016).

Finally, with respect to Plaintiff's allegations under STAA, "[e]mployees who believe they were discharged in violation of this anti-retaliation provision can file an administrative claim with the Secretary of Labor." *See White v. HMD, LLC*, No. 4:22-cv-01612-SGC, 2023 WL 2317298, at *2 (N.D. Ala. Mar. 1, 2023) (citing 49 U.S.C. § 31105(b) and *Yusim v. Dept. of Lab.*, 645 F. App'x 967, 968 (11th Cir. 2016)). If, but only if, "the Secretary of Labor does not issue a final decision within 210 days after the claim is filed, the employee can seek a federal district court's de novo review." *Id.* (citing 49 U.S.C. § 31105(c) and *Jackson v. Doubleback Transp.*, No. 17-0386, 2019 WL 2396571, at *4 (S.D. Ala. June 5, 2019)). Barring that, "the only judicial review available is via an appeal of the Secretary's final decision in the appropriate appellate court." *Id.* (citing 49 U.S.C. § 31105(d)). These "administrative requirements in the STAA are mandatory; absent exhaustion of these administrative remedies, federal courts lack subject matter jurisdiction to hear cases under the anti-retaliation provision." *Id.* (citing *Johnson v. Star Freight, LLC*, No. 1:18-cv-575-WSD-JKL, 2018 WL 4520212, at *4 (N.D. Ga. Apr. 26, 2018), *report and recommendation adopted*, 2018 WL 2931963 (N.D. Ga. June 12, 2018)); *see also Paz v. Cristina Foods, Inc.*, No. 1:19-cv-7813, 2020 WL 11763590, at *3 (N.D. Ill. Aug. 26, 2020) (collecting and agreeing with authority that § 31105(c) limits "a district court's subject matter jurisdiction over such a claim to include only those cases where this requirement of inaction by OSHA is met"); *Bailiff v. Davenport Transp., Inc.*, No. 3:13-cv-308-GCM, 2013 WL 6229150, at

\*3 (W.D.N.C. Dec. 2, 2013) (explaining that "there is no separate private right of action outside the scheme set forth in the STAA" and "the failure to exhaust administrative remedies under this statute deprives a district court of subject matter jurisdiction to address the claim"); *Rose v. Anderson Hay & Grain Co.*, No. 10-cv-055-RMP, 2010 WL 3211948, at \*1 (E.D. Wash. Aug. 6, 2010) ("Congress granted district courts subject-matter jurisdiction in 49 U.S.C. § 31105 only in cases in which the Secretary of Labor fails to issue a final decision within 210 days after the filing of the complaint with the Secretary of Labor and the delay is not due to the employee's bad faith. 49 U.S.C. § 31105(c). … However, there is no allegation that [the plaintiff] had ever filed an initial complaint with the Secretary of Labor. Therefore, under 49 U.S.C. § 31105(b) and (c), this Court does not have subject matter jurisdiction over this matter, and this matter must be dismissed."). Here, Plaintiff does not allege the requisite administrative exhaustion and Secretary of Labor inaction, *see generally* Doc. 1, so 49 U.S.C. § 31105 does not confer a basis for federal subject matter jurisdiction for a STAA claim. *See* 49 U.S.C. § 31105(c); *see also White*, 2023 WL 2317298, at \*2; *Paz*, 2020 WL 11763590, at \*3; *Johnson*, 2018 WL 4520212, at \*4; *Bailiff*, 2013 WL 6229150, at \*3; *Rose*, 2010 WL 3211948, at \*1.[3]

---

[3] Based on the statutory text, the undersigned agrees with the cited authority that this defect is jurisdictional. However, even to the extent not jurisdictional (like certain other administrative exhaustion prerequisites in different statutory schemes with different wording), the defect would still preclude any STAA claim. *See. e.g.*, *Ward v. Brownner*, No. 2:22-cv-33-SCJ, 2023 WL 11747342, at \*4 (N.D. Ga. Apr. 14, 2023) (dismissing non-STAA claims for non-jurisdictional failure to administratively exhaust). And, as discussed herein, no other claim could give rise to federal question jurisdiction and diversity jurisdiction has not been

Plaintiff also alleges diversity jurisdiction. However, among other requirements, for such jurisdiction to exist "all plaintiffs must be diverse from all defendants." *Jones*, 2024 WL 474116, at *1 (quotation omitted); *see also Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-J-34JBT, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020). Plaintiff does not allege the citizenships of any of the parties to reflect such complete diversity here. Doc. 1.[4]

Finally, as no independent basis for jurisdiction has been shown, the supplemental jurisdiction statute does not confer a basis for subject matter jurisdiction.

---

properly invoked. Nor, upon early dismissal of any STAA claim, would the exercise of supplemental jurisdiction appear warranted. *See* 28 U.S.C. § 1367(c); *Harris-Billups on behalf of Harris v. Anderson*, 61 F.4th 1298, 1305 (11th Cir. 2023).

[4] Plaintiff has sued various defendants including one individual, one corporation, and multiple entities whose incorporation status is unclear. Doc. 1 at 1. It appears Plaintiff may also intend to sue multiple unidentified defendants. *Id.* For diversity purposes, "a natural person is a citizen of the state in which he is 'domiciled[,]'" that is, "'the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]"'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citation omitted). A corporation is a citizen of its state(s) of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company ("LLC") is a citizen of each state of which any member of the company is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). With respect to any unidentified defendants, ordinarily, a plaintiff cannot invoke diversity jurisdiction while suing an unidentified defendant as the diversity determination requires knowing each party's citizenship. *See Porter v. City of Port Orange*, No. 6:15-cv-1715-Orl-37DAB, 2016 WL 11469168, at *2 (M.D. Fla. May 12, 2016), *report and recommendation adopted*, 2016 WL 3453190 (M.D. Fla. June 24, 2016); *see also Winn-dixie Stores, Inc. v. Primary One, LLC*, No. 3:18-cv-1168-J-34MCR, 2018 WL 4771058, at *1 (M.D. Fla. Oct. 3, 2018). Besides preventing the exercise of diversity jurisdiction, the inclusion of unidentified defendants may otherwise pose issues insofar as fictitious-party pleading is generally prohibited in federal court. *See Jones v. Officer Name Unknown*, No. 6:22-cv-1751-JSS-DCI, 2024 WL 3553303, at *3 (M.D. Fla. July 26, 2024). In addition, a pleading must give each defendant adequate notice of the claim(s) against it and the grounds upon which each claim rests. However, this Order is not at this time meant to address all potential deficiencies in the Complaint.

*See* 28 U.S.C. § 1367; *see also Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *3 (11th Cir. Nov. 8, 2024).

Accordingly, it appears that subject matter jurisdiction is lacking. Thus, Plaintiff will be directed, if possible, to file an amended complaint over which this Court has subject matter jurisdiction on or before **April 30, 2025**. Failure to do so may result in a recommendation that the Application be denied and that this action be dismissed without prejudice.

Any amended complaint must be signed in accordance with Rule 11, Federal Rules of Civil Procedure. Any amended complaint must also comply with the pleading standards of Rules 8 and 10(b) of the Federal Rules of Civil Procedure. A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *2 (M.D. Fla. Oct. 4, 2019).

Plaintiff should also note that an amended complaint will supersede the original Complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, any amended complaint must be complete and must include all claims Plaintiff wishes to pursue, as well as all facts in support and

relief sought, in a single submission.[5] In addition, because an amended pleading is required and the Application remains under advisement, the Court will deny without prejudice the Motion.

Accordingly, it is **ORDERED**:

1. The Application (Doc. 2) is **taken under advisement**.

2. The Motion (Doc. 3) is **denied without prejudice**.

3. On or before **April 30, 2025,** Plaintiff shall, if possible, file an amended complaint over which this Court has subject matter jurisdiction in compliance with this Order and all applicable rules and law. Plaintiff's failure to comply with the directives in this Order may result in a recommendation that the Application be denied and that this action be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida, on April 9, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

---

[5] In preparing any amended complaint, Plaintiff should also consider the discussion and instructions in the presiding District Judge's April 9, 2025, Order. Doc. 5.